UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK HAMPTON, III,

        Petitioner,                      Case Number: 04-60058

v.                                         HON. MARIANNE O. BATTANI

ANDREW JACKSON,

        Respondent.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART A
CERTIFICATE OF APPEALABILITY
AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Petitioner Frank Hampton, III, a state inmate presently confined at Mound Correctional Facility in Detroit, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 25, 2005, the Court denied the petition for writ of habeas corpus with prejudice. Petitioner filed a notice of appeal. Now before the Court are Petitioner's Motion for Certificate of Appealability and Motion to Proceed In Forma Pauperis. For the reasons set forth below, the Court shall grant in part and deny in part the Certificate of Appealability, and grant leave to appeal without prepayment of fees and costs.

**II. CERTIFICATE OF APPEALABILITY**

An appeal from the district court's denial of a writ of habeas corpus may not

1

be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b). If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

  Having reviewed the matter, the Court concludes that as to Issue I, the exclusion of his expert witness, Petitioner has made an adequate showing of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. As to Issue III, concerning the trial court's ruling and comments undermining the credibility of a

defense witness, reasonable jurists would find the court's assessment of the constitutional claims debatable. While the Court continues to believe that such claims do not warrant habeas relief, it nonetheless find that these two claims merit further review by the United States Court of Appeals for the Sixth Circuit.

Petitioner has failed to make a substantial showing of denial of a constitutional right as to Issue II, concerning the jurors having marked guilty on the verdict form as to both the greater and lesser crimes on two of the charges. Guilt of the higher offense necessarily included guilt of the lesser, and the jurors were polled and affirmed the guilty verdicts on the record. Petitioner has also failed to make a substantial showing of denial of a constitutional right as to Issue IV, as it is settled that entrapment is not a constitutional defense and therefore cannot form the basis for habeas relief. *Sosa v. Jones*, 389 F.3d 644, 647-48 (6th Cir. 2004). As to Issue V, raising a Fourth Amendment search and seizure question, reasonable jurists would not find the Court's ruling debatable. It is well settled that where, as here, a Fourth Amendment claim was fully litigated in the state courts, a state prisoner cannot be granted habeas relief. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).

### III. IN FORMA PAUPERIS MOTION

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that "shows in the detail

prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A).  Petitioner has filed the required affidavit.  The Court must, therefore, determine whether his appeal is taken in good faith.  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  The Court concludes that an appeal in this case may be taken in good faith, and therefore, shall grant Petitioner's request to proceed *in forma pauperis.*

For the foregoing reasons,

**IT IS ORDERED** that a Certificate of Appealability is **GRANTED** as to Issues I and III in Petitioner's habeas petition;

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** as to Issues II, IV, and V in Petitioner's habeas petition;

**IT IS FURTHER ORDERED** that Petitioner's application to proceed *in forma pauperis* on appeal is **GRANTED**.

                                                    s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  UNITED STATES DISTRICT JUDGE

DATE: August 9, 2005